UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 18-23661-CIV-MORENO

HENRY MULLALES,

    Plaintiff,

vs.

ASPEN AMERICAN INSURANCE
COMPANY,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DISMISSING CASE WITHOUT PREJUDICE

THIS CAUSE came before the Court upon Defendant's Renewed Motion to Dismiss or in the Alternative to Stay Plaintiff's Action in Favor of Mandatory Non-Binding Mediation **(D.E. 16)**, filed on **October 12, 2018**.

THE COURT has considered the motion, the response, pertinent portions of the record, and is otherwise fully advised in the premises.

### I.    Background

Plaintiff/Counter-Defendant Henry Mullales ("Plaintiff") is the owner of a 2006 51 foot vessel named "CHRISTOPHER" ("the vessel"). In 2007, Plaintiff purchased a marine insurance policy (No. ASU00210100) ("the Policy") from Defendant/Counter-Plaintiff Aspen American Insurance Company ("Defendant"), which provided Hull & Machinery coverage on the vessel for $290,000. On or about October 3, 2017, the vessel sank at the dock at Dinner Key Marina in Miami, Florida and sustained extensive damage. The Policy was in full force and effect at the time of the incident. Plaintiff then notified Defendant of the incident and Defendant undertook an

investigation. The investigation concluded that the damage sustained by the vessel was due to Plaintiff's failure to exercise due diligence to properly manage the vessel or maintain it in a seaworthy condition and/or that the vessel sank as a result of wear and tear, gradual deterioration, lack of maintenance, inherent vice, weathering, insects, mold, animal and marine life, wet or dry rot. As such, Defendant sent Plaintiff a letter denying coverage for the incident and explaining the reasons therefore.

Plaintiff now brings this claim seeking a declaration from the Court that the investigative process employed by Defendant was "faulty as a matter of law, and that coverage be properly provided to Plaintiff for the claim at issue." Plaintiff also alleges breach of the insurance contract. In response, Defendant removed the case to federal court and filed a countersuit, requesting that the Court issue a series of declarations related to Defendant's rights and responsibilities under the Policy. At the same time, Defendant filed the instant Motion to Dismiss or in the Alternative to Stay Plaintiff's Action in Favor of Non-Binding Mediation, arguing that the case should be dismissed and/or stayed until the parties have completed mediation pursuant to the Policy.

For the reasons explained below, Defendant's motion to dismiss is GRANTED and the case is DISMISSED WITHOUT PREJUDICE with leave to refile once the parties have completed mediation.

## II. Analysis

Defendant argues that before this case can proceed with litigation before this Court, the parties must submit to non-binding mediation. Defendant's argument relies on the following provision in the Policy:

<u>Mandatory Non-Binding Mediation</u>

With respect to any dispute concerning coverage or loss owed pursuant to this insuring agreement you agree to submit such dispute in the first instance to mandatory non-binding mediation. **Such mediation shall be a condition precedent to any litigation between you and us.** The location of the mandatory mediation shall be at a site mutually agreed by you and us and neither shall unreasonably withhold such agreement. The withholding of agreement to non-binding mediation in the city where the policy was delivered or the loss occurred shall be presumptively unreasonable and good cause must be shown for the withholding of such agreement. If the parties cannot agree on a location for the mediation, it shall take place in the jurisdiction where the loss occurred.

The cost of the mediation shall initially be borne equally by you and us. The ultimate cost may be the subject of negotiation during the mediation. If the mediation is unsuccessful, it is agreed that the cost of the mediation shall be taxed as a court cost in any subsequent litigation. The parties shall mutually agree on a mediator. If no mutual agreement is reached, then the insured shall have the right to select the mediator provided that he initially bears the full cost of the mediation. If the insured is unwilling to initially bear the full cost of mediation in exchange for the right to select the mediator, then the same right shall pass to the insurer(s).

The insurer has the right to obtain an Examination Under Oath of the insured before any mediation takes place.

Mediation shall take place within thirty (30) days of demand by either you or us provided a satisfactory proof of loss has been previously furnished *and* any requested Examination Under Oath has been completed. If the insured makes a demand for mediation before *both* satisfactory proof of loss and any requested Examination Under Oath have been completed, then mediation shall take place within thirty (30) days of the completion of both the satisfactory proof of loss and any requested Examination Under Oath.

The mediation shall be subject to a standard mediation confidentiality agreement.

(D.E. 1-2, at 31.) (emphasis added).

On its face, the provision clearly and unambiguously requires mediation as a condition

precedent to litigation. And generally, "where the parties' agreement requires mediation as a condition precedent to arbitration or litigation, the complaint must be dismissed." *See 3-J Hosp., LLC v. Big Time Design, Inc.*, No. 09-61077-CIV-MARRA, 2009 WL 3586830, at *2 (S.D. Fla. Oct. 27, 2009) (citing *Kemiron Atlantic, Inc. v. Aguakem Intern., Inc.*, 290 F.3d 1287 (11th Cir. 2002)).

Plaintiff, however, argues that the situation is more complicated than Defendant would have the Court believe. The Court disagrees. First, Plaintiff notes that the Policy further requires that mediation "take place within (30) days of demand by either you or us provided a satisfactory proof of loss has been previously furnished *and* any requested Examination Under Oath has been completed." Because Defendant has not requested mediation or completed the Examination Under Oath, Plaintiff argues that the mediation clause has not been properly invoked. But the Policy does not require that an Examination Under Oath be completed, the Policy only requires that a *requested* Examination Under Oath be completed. The Court is unaware of any *requested* Examination Under Oath. Moreover, the Court notes that this motion is sufficient to satisfy a demand for mediation under the Policy provision.

Second, Plaintiff argues that the mediation clause is unenforceable because "it fails to state a time frame by which Defendant must demand the mediation or within which the Examination Under Oath . . . must be completed." (D.E. 19, at 5.) In support, Plaintiff cites to *Cumerberland & York Distributors v. Coors Brewing Co.*, 2002 U.S. Dist. LEXIS 1962 (D. Me. 2002). While the court in this case makes a passing comment, in dicta, regarding a mediation clause that has no time limit for completion, it does not analyze in any way whether a mediation clause is unenforceable for failure to contain a time limit or lend support to that theory.

## III. Conclusion

The Policy provision governing mandatory non-binding mediation clearly requires that the parties submit to mediation as a condition precedent to any litigation between them. For that reason, the Defendant's Motion to Dismiss is GRANTED. Accordingly, the case is DISMISSED WITHOUT PREJUDICE with leave to refile once mediation has been completed.

DONE AND ORDERED in Chambers at Miami, Florida, this 29th of November 2018.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record